**HARTFORD ACCIDENT AND INDEMNI-
TY COMPANY, Appellant,**

v.

**Lavada HUDDLESTON, Adm'x of the Es-
tate of Carl Edward Huddleston,
Deceased, Appellee.**

Court of Appeals of Kentucky.

Oct. 11, 1974.

Robert L. Milby, Hamm, Taylor, Milby & Farmer, London, for appellant.

Charles C. Adams, Somerset, Johnson, Teague & Cox, Williamsburg, for appellee.

REED, Justice.

The sole issue in this case is whether the son of a partner was covered by "uninsured motorist" coverage issued to a partnership as part of a garage-business public liability policy. The problem is one of first impression in this state. The trial judge held that the insurer was obligated by its contract to pay damages for bodily injury to the son of a partner caused by the negligence of an uninsured motorist while the injured party was a passenger in a vehicle which was unrelated to the partnership business. We affirm the judgment of the trial judge.

Clifford Huddleston and Orville Prewitt formed a partnership named "City Motor Sales." The partnership engaged in the garage business. Hartford issued a garage liability policy to "City Motor Sales" and included as an endorsement insurance coverage providing for protection against uninsured motorists.

It is conceded that Carl Huddleston, the nineteen-year-old son of Clifford Huddleston and a resident of his household, sustained personal injuries resulting in death, caused by the negligence of an uninsured motorist.

Hartford, in effect, argues that its policy covered only the partnership entity and that Carl Huddleston was not an insured. Hartford also contends that since the accident occurred while Carl Huddleston was occupying a vehicle unrelated to the partnership business, the uninsured-motorist coverage did not protect him under such circumstances even if it did apply to individuals.

The public liability sections of the policy undertaking to protect the partnership from third-party claims provide such coverage for two types of vehicles: (1) Any automobile owned by the named insured; (2) any highway vehicle to which are attached dealer's license plates issued to the named insured.

The so-called "standard provision" uninsured-motorist coverage is expressed in this language:

"I.   COVERAGE   U—UNINSURED MOTORISTS

(Damages for Bodily Injury)

The company will pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured highway vehicle because of bodily injury sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured highway vehicle; provided, for the purposes of this coverage, determination as to whether the insured or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured or such representative and the company or, if they fail to agree, by arbitration.

"II.   PERSONS INSURED

Each of the following is an insured under this insurance to the extent set forth below:

(a) the named insured and any designated insured and, while residents of the same household, the spouse and relatives of either;

(b) any other person while occupying an insured highway vehicle; and

(c) any person, with respect to damages he is entitled to recover because of bodily injury to which this insurance applies sustained by an insured under (a) or (b) above.

The insurance applies separately with respect to each insured, except with respect to the limits of the company's liability."

It seems to us that whether the description of a "covered vehicle" is applicable only to the public liability portion of the insurance policy or not, the uninsured-motorist provisions require only that an injured party who is not a person insured be occupying an insured vehicle at the time he is injured by an uninsured motorist for the coverage to apply. No such requirement is exacted in the case of a "named insured" or a "designated insured" or, while residents of the same household, the spouse or relatives of either. It is apparent that the insurance contract expressly binds Hartford under the undisputed facts if Carl Huddleston was "an insured" under the uninsured-motorist coverage clauses of the policy.

Hartford's policy declarations page lists "City Motor Sales," a partnership, as the "named insured," while the uninsured-motorist coverage page calls "City Motor Sales" the "designated insured." Although not expressed directly, the basic premise of Hartford's contention concerning the identity of the insured raises a problem as old as the law of partnerships. There has always been considerable dispute as to whether a partnership is a legal entity or merely an aggregate of persons acting together. Vague expressions in our earlier cases are not helpful. See, for example, Mason v. Hooker's Adm'r, Ky., 275 S.W.2d 596 (1955), and Smith v. Hensley, Ky., 354 S.W.2d 744 (1962). Kentucky adopted the Uniform Partnership Act in 1954 as KRS Chapter 362. The adoption of the Act did not resolve the question as to the true nature of a partnership.[1]

We are persuaded the better view is that although the Uniform Partnership Act regards the partnership as a legal entity for many purposes, these purposes are, nevertheless, limited and the "entity" concept does not possess such attributes of public policy that it must be invoked to achieve an unjust result. The Uniform Partnership Act applies the "aggregate" concept when it makes partners jointly and severally liable;[2] therefore, what public policy could be violated by knowledgeable parties contracting in a context of partnership liability insurance that they contemplate the partnership as an aggregate of persons rather than as a legal entity? The insurance contract with which we are here concerned plainly contracts for the "aggregate" concept to be applied.

A legal entity has no "spouse" nor "relatives" nor "household." A legal entity could not sustain "bodily injury." The uninsured-motorist insurance contract plainly embraced the partners and their spouses and relatives living in the same household. The insurer framed the language of the contractual undertaking. The trial judge correctly imposed liability upon Hartford under its contract and the undisputed facts.

The judgment is affirmed.

All concur.

---

1. 59 Am.Jur.2d, Partnership, Sec. 7,932.

