**Donna HUEBNER, Individually and as Executrix of the Estate of Larry Huebner, Deceased, and Monte Huebner, An Individual, Appellants,**

v.

**MSI INSURANCE COMPANY, Appellee.**

No. 92–1341.

Supreme Court of Iowa.

Oct. 20, 1993.

Steve Hamilton of Hamilton Law Firm, P.C., Storm Lake, for appellants.

Hugh Cain, Philip H. Dorff, Jr. and Anne L. Clark of Hopkins & Huebner, P.C., Des Moines, for appellee.

Considered by McGIVERIN, C.J., and LARSON, CARTER, SNELL, and TERNUS, JJ.

CARTER, Justice.

This is an appeal by a parent and personal representative of a deceased parent on potential claims for injury to a child under rule 8 of the Iowa Rules of Civil Procedure and the child, individually, challenging the district court's denial of underinsured motorist coverage in favor of the child. The basis for all claims is the substantial permanent injuries sustained by the minor plaintiff, Monte Huebner, as a result of being struck by an automobile while walking his dog.

The available liability insurance coverage to be applied against the claims of the various plaintiffs for Monte's injuries was inadequate. The sole issue on appeal is whether insurance coverage afforded to Monte's father through an endorsement to his employer's business auto policy extended uninsured motorist coverage in favor of the injured child. The district court answered this question in the negative and sustained the motion for summary judgment filed by the defendant, MSI Insurance Company (MSI).

Larry Huebner was employed as a salesman for Albert City Elevator Co. (ALCE-CO). His employment contract, entitled "Truck Salesman Agreement," had been in effect since August 1, 1981. There are two terms of the agreement that are most relevant. First, Larry Huebner was to provide his own truck for delivery purposes. He alone would be liable for costs of purchasing and maintaining the truck. Second, ALCE-CO would provide liability insurance under its own liability coverage to cover the vehicle.

MSI issued a business auto policy to AL-CECO. Larry Huebner's truck was listed on the policy's schedule of covered automobiles and the policy states that he was the registered owner of that truck.

A policy endorsement entitled "Additional Interest—Automobile" was also issued. This endorsement states:

It is agreed such insurance as is afforded by the policy for Automobile Bodily Injury Liability, Automobile Property Damage Liability, and Automobile Medical Payments Liability and such additional coverages as indicated by a premium charge in the schedule shall also apply with respect to each interest hereinafter named as an insured, but only with respect to those automobiles designated in the schedule, as being owned by such additional interests.

The only name appearing on the endorsement as an "interest hereinafter named" is that of Larry Huebner.

Several sections of the primary MSI policy are relevant to the present dispute. First, the underinsured motorist coverage, for which a premium was paid for Larry Huebner's truck, provides that the company will pay sums "the insured is legally entitled to recover as damages from the owner or driver of an uninsured [or underinsured] motor vehicle." With respect to who is insured under that coverage, the primary policy provides:

D. WHO IS INSURED
1. You or any family member.

2. Anyone else occupying a covered auto or a temporary substitute for a covered auto. The covered auto must be out of service because of its breakdown, repair, servicing, loss or destruction.

3. Anyone for damages he is entitled to recover because of bodily injury sustained by another insured.

Another relevant section is found in the "Words and Phrases" section of the main policy. It defines "you" and "your" as the named insured in Item 1 of the declarations. ALCECO is the named insured in Item 1 of the declarations. The final relevant section is the definition of "family member" found in the uninsured and underinsured endorsement. This states that "family member" is defined as "a person related to you by blood, marriage or adoption who is a resident of your household, including a ward or foster child."

Monte Huebner, the natural son of both Larry and Donna Huebner, was fourteen years old and living at home with his parents at the time of the accident. On June 26, 1986, Monte was struck by a Ford pickup truck while walking his dog on County Road N–14 in Buena Vista County. The driver did not stop. As a result of the accident, Monte suffered injuries including but not limited to significant leg fractures and an amputated arm.

Subsequent investigation disclosed the identity of the driver who had struck Monte. That person was insured for liability claims in the sum of $100,000. The limits of that policy were paid to the plaintiffs in a settlement of their claims against the hit-and-run driver. They are now seeking additional underinsured motorist coverage under MSI's policy for damages exceeding $100,000.

When coverage was denied, the plaintiffs commenced the present action, seeking a determination that Monte was afforded underinsured motorist coverage under MSI's primary policy or the additional interest endorsement in favor of Larry. The district court reviewed the coverage provisions at issue and determined that no policy clause extended such coverage in favor of the injured child. Consequently, it sustained

MSI's motion for summary judgment. The plaintiffs have appealed.

I. *Coverage Arguments Under the Primary Policy.*

■ The Huebners propose a two-step analysis to support a finding that Monte Huebner is protected under the MSI insurance policy. The first step is to find that Larry Huebner is named in some manner under the policy. Once this has been shown, the second step is to show Larry Huebner qualifies as "you" under the policy; thus, Monte Huebner should also be covered as a family member.

In countering plaintiffs' suggestion concerning the "you or any family member" language, MSI refers to the definition of "you" or "your" in the policy. This definition states that "you" means the person or organization named on the declaration page as "named insured." MSI then points out that the named insured on the declarations page is ALCECO. Since neither Larry Huebner nor Monte Huebner are identified as the named insured, MSI argues that neither of them qualifies as "you" under the underinsured endorsement. MSI goes on to state that, since ALCECO has no family members because they are a corporation, the only party covered under "you or any family member" can be ALCECO.

Support for MSI's contentions on this interpretation issue is found in *Rodriguez v. Continental Casualty Co.,* 551 So.2d 45 (La. App. 1st Cir.1989), and *Meyer v. American Economy Insurance Co.,* 103 Or.App. 160, 796 P.2d 1223, *rev. denied,* 310 Or. 547, 800 P.2d 789 (1990). Both cases involved very similar definitions of who is insured, and both had a category of "you or any family member." Both cases defined "you" as the named insured in the declarations, and both courts found that "you" referred only to the named insured/employer. Both courts stated that there was no ambiguity under which the employees could recover uninsured benefits.

Plaintiffs claim support for their interpretation of the "you or any family member" language is found in *Decker v. CNA Insurance Co.,* 66 Ohio App.3d 576, 585 N.E.2d 884 (1990), and *Carrington v. St. Paul Fire &*

*Marine Insurance,* 169 Wis.2d 211, 485 N.W.2d 267 (1992). In *Decker,* the facts were very similar to the Huebners' case, except it was the employee, not the employee's son, who was hit by a car. The court had a difficult time construing the language "you or any family member." It stated that, since a corporation could not have family members, a nonsensical result occurs when the named insured is a corporation. *Decker,* 66 Ohio App.3d at 579, 585 N.E.2d at 886. So, the court found that, in the business entity context, "you or any family member" was very ambiguous. The court went on to state that, since every word in an insurance policy is presumed to be included for a purpose, each word must be given meaning. Thus, the employee should be covered under the policy. *Id.,* at 582, 585 N.E.2d at 888.

In *Carrington,* residents of a youth home were injured in an accident and claimed benefits under the home's policy. The court substituted the youth home, which was a corporation, for "you" in "you or a member of your family." The policy definition of family member stated in part that "a ward or foster child who lives with you" qualified as a family member. The court found the following ambiguity present.

> In this case, while it is reasonable to conclude that a corporation cannot have a "family," it is also reasonable to conclude that an insurance contract may define the term "family member" such that an individual is a member of a corporate family for insurance purposes.

*Carrington,* 485 N.W.2d at 270. The court found the policy sufficiently ambiguous to allow the children to be covered as wards/family members living with the corporation, Sunburst Youth Homes.

In reviewing all of the arguments presented, we are unable to extend underinsured motorist coverage to Monte by reason of the primary policy clauses. Persons insured (as to any coverage for which a premium has been paid) are limited to (1) the named insured, (2) anyone occupying a covered vehicle, or (3) a consortium claimant as a result of injury to another insured. Clearly, Monte was not a person occupying a covered auto at the time of his injury. He was a pedestrian

walking alongside the road. Nor is he a consortium claimant for injuries to another insured. Finally, he is not aided by the words "you or any family member," as used in the primary policy because "you" is limited to a person described as a named insured on the declaration page of the policy. Only ALCECO qualifies as such with respect to the present policy. The coverage extended to a "family member" is limited to a person related to the named insured (here, ALCECO) by blood, marriage, or adoption who is a resident of the named insured's household, including a ward or foster child.

We are not persuaded that the result should be otherwise by the reasons expressed in the *Decker* or *Carrington* decisions. Those cases found, improperly we believe, that a latent ambiguity is generated from using "family member" language in policies issued to corporations. We believe that the only thing that this marketing practice suggests is that MSI's business auto policies were written so as to be marketable to either individual proprietorships or to corporations. Assuming that individual proprietorships received certain coverages that corporations did not, that is so only because the contract specifies that it is so. It does not provide a basis for extending coverage where none exists.

The important consideration in resolving this issue is that it does not appear that any premium charge was made for coverages that were not provided. In order to extend any of the coverages of the policy even to Larry Huebner, it was necessary to execute a special endorsement denoting those coverages and pay a special premium therefor. The coverages of the primary policy were not altered in that process other than expressly provided in the endorsement.

## II. *Coverage Claims Under the Extended Endorsement.*

Next, we consider plaintiffs' contentions that Monte should be considered to be an insured person under the "additional interest" endorsement issued to Larry. In resolving that issue, we have recognized that an endorsement, if made part of a contract of insurance, is effective according to its terms.

*Hill v. Travelers Ins. Co.,* 146 Iowa 133, 124 N.W. 898 (1910). However, language contained in an endorsement or rider to an insurance policy will not be extended to affect other provisions of that policy that are not expressly mentioned in the endorsement. *National Auto. Ins. Ass'n v. Brumit,* 98 So.2d 330, 332 (Fla.1957); *Gulf Power Co. v. Insurance Co. of N. Am.,* 445 So.2d 1141, 1142 (Fla.App.1984). A leading insurance text states that,

> in the absence of an express intent the provisions of the rider or slip should supersede similar provisions of the policy, the terms of the rider or slip will be regarded as original terms which do not affect any of the existing terms of the contract.

George J. Couch, *Encyclopedia of Insurance Law* § 4:28 (2d ed. 1959).

Applying the foregoing principles of law to the present issue of interpretation, we think it is clear that, apart from those coverages, which by their nature pertain to designated motor vehicles, the coverages afforded under the additional interest endorsement were only extended "to each interest hereinafter named as an insured." The only name that appears as such with respect to the additional interest endorsement is that of Larry Huebner. Family coverage was thus not contemplated in either the primary policy or the extended interest endorsement. The facts not being in dispute the issue for the court's determination was one of law in interpreting the policy, and the motion for summary judgment was properly granted.

We have considered all issues presented and find no basis for reversing the district court's judgment.

**AFFIRMED.**