Jeffrey **WEBSTER** and Linda Webster, Appellants,

v.

**UNITED STATES FIRE INSURANCE COMPANY** and Barbara Lyons, Appellees.

No. 01–94–00038–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 18, 1994.

Rehearing Denied Sept. 8, 1994.

Scott A. Woods, K. Scott Brazil, Houston, for appellants.

Bruce C. Gaible, Susan C. Stevenson, Houston, for appellees.

Before COHEN, HUTSON–DUNN and O'CONNOR, JJ.

### OPINION

O'CONNOR, Justice.

Jeffrey and Linda Webster appeal from a summary judgment granted to United States Fire Insurance Company. The trial court found that an insurance policy that named an employer as the insured did not cover the employees. We affirm.

### Fact Summary

On February 25, 1991, Jeffrey Webster, a service adviser for Gullo–Haas Toyota, Inc. (Gullo–Haas), supervised repairs on a Porsche. The car had an electrical malfunction that caused it to overheat, and Webster took it for a test drive to determine the source of the problem. The owner of the white Porsche, Edward Evans, gave Webster permission to drive the car. Webster's wife, Linda, accompanied him on the 9:30 p.m. test drive. While the Websters traveled on Interstate 45, another car's muffler came off and smashed through the Porsche's windshield. The Websters were severely injured. The driver of the other car fled the scene.

The Websters filed a claim with United States Fire Insurance Co. (U.S. Fire), the uninsured motorist insurance carrier for Gullo–Haas. U.S. Fire refused to pay. The Websters then sued U.S. Fire, Allstate (Evans' insurance company), Crum & Forster,[1] and Barbara Lyons (an employee of U.S. Fire). The Websters claimed the defendants violated the Texas Deceptive Trade Practices—Consumer Protection Act, the Texas Business and Commerce Code, and the common law duty of good faith and fair dealing, and were guilty of intentional infliction of emotional distress, and duress. The trial court granted summary judgment for U.S. Fire and Barbara Lyons. The trial court severed the claims against Allstate from this action.

### Uninsured motorist coverage under the policy

In their only point of error, the Websters contend the trial court erred as a matter of law in granting U.S. Fire's motion for summary judgment. The Websters contend they are insured persons under the policy.

A summary judgment is proper only when a movant establishes that there is no genuine issue of material fact and that it is entitled to

---

**1.** Crum & Forster was the same entity as U.S. Fire.

judgment as a matter of law. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979); *Goldberg v. United States Shoe Corp.*, 775 S.W.2d 751, 752 (Tex. App.—Houston [1st Dist.] 1989, writ denied). In reviewing the granting of a motion for summary judgment, we assume all evidence favorable to the nonmovant is true and indulge every reasonable inference for the nonmovant. *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex.1986); *Goldberg*, 775 S.W.2d at 752.

The summary judgment record includes U.S. Fire and Barbara Lyons' motion for summary judgment; the insurance policy; the Websters' response to the motion for summary judgment; the deposition of Randy McKane, who wrote the insurance policy; the affidavit of Jeffrey Webster; and U.S. Fire and Barbara Lyons' reply to the Websters' response to the motion for summary judgment.

U.S. Fire issued the insurance policy to Gullo–Haas, which is listed as the named insured. The Websters seek coverage under the uninsured-underinsured motorist provision.

The policy states:

(A) Coverage:

We will pay damages which an insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by an insured, or property damage caused by an accident. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle. Any judgment for damages arising out of suit brought without our written consent is not binding on us if we and you do not agree as to whether or not a vehicle is actually uninsured, the burden of proof as to that issue shall be on us.

. . . .

(C) Who Is An Insured

(1) **You and any designated person and any family member of either.**

(2) Any other person occupying a covered auto.

(3) Any person or organization for damages that person or organization is entitled to recover because of bodily injury sustained by a person described in (1) or (2) above.

. . . .

(F) Additional Definitions

(1) **"Family member" means a person related to you by blood, marriage or adoption who is a resident of your household, including a ward or foster child.**

(2) "Designated person" means an individual named in the schedule. By such designation, that person has the same coverage as you.

. . . .

(4) "Covered auto" means an auto (a) owned or leased by you or (b) while temporarily used as a substituted for an owned covered auto that has been withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction.

. . . .

(6) "Uninsured motor vehicle" means a land motor vehicle or trailer of any type (a) to which no liability bond or policy applies at the time of the accident; (b) which is a hit-and-run vehicle whose operator or owner cannot be identified. The vehicle must hit an insured, a covered auto or a vehicle an insured is occupying.

(Emphasis added).

■ The issue is whether the Websters are covered under the meaning of the phrase "family member" in section C of the insurance policy. The Websters argue summary judgment is improper here because there are several reasonable interpretations of the policy. They contend there must be a trial on the merits because the policy is ambiguous. The Websters add it is only reasonable that if "you" refers to Gullo–Haas, the named insured, then the word "family member" is meant to include coverage for Gullo–Haas' employees and their relatives. The Websters concede they do not fall into the category of "designated persons."

U.S. Fire argues the language of the policy is clear and unambiguous and is subject to only one interpretation: the Websters are

not named insureds under the policy, they do not fall into the category of family members of the company, and the Porsche involved in the accident is not an automobile covered under the policy.

A contract of insurance is subject to the same rules of construction as other contracts. *Forbau v. Aetna Life Ins. Co.,* 876 S.W.2d 132, 133 (Tex.1994); *Upshaw v. Trinity Cos.,* 842 S.W.2d 631, 633 (Tex.1992). If the written instrument is worded so that it can be given only one construction, it will be enforced as written. *Upshaw,* 842 S.W.2d at 633. We do not resort to rules of contract construction if the policy is unambiguous, that is, if it is susceptible of only one *reasonable interpretation. Id.* But, if a contract is susceptible of more than one reasonable interpretation, we must resolve the uncertainty by adopting the construction that most favors the insured. *National Union Fire Ins. Co. v. Hudson Energy Co., Inc.,* 811 S.W.2d 552, 555 (Tex.1991); *Entzminger v. Provident Life & Acc. Ins. Co.,* 652 S.W.2d 533, 536 (Tex.App.—Houston [1st Dist.] 1983, no writ). The determination of whether a contract is ambiguous is a question of law; if the contract is found to be ambiguous, the determination of the parties' intent through extrinsic evidence is a question of fact. *Yancey v. Floyd West & Co.,* 755 S.W.2d 914, 917 (Tex.App.—Fort Worth 1988, writ denied).

This is the first time a Texas court has addressed the issue of whether an employee is covered under family-oriented language in an insurance contract where the corporation is the named insured. We look to other jurisdictions to see how other courts have resolved this issue. Courts presented with family-oriented language in policies issued to partnerships and corporations interpreted the scope of uninsured motorist coverage both ways.

The Supreme Court of North Carolina addressed this exact issue in *Sproles v. Greene,* 329 N.C. 603, 407 S.E.2d 497, 499 (1991), where employees sued under the corporate-employer's uninsured motorist coverage. The court held that a corporation is distinct from its employees. *Id.* 407 S.E.2d at 500. In its holding, the court reasoned that if the corporation is a named insured on a policy,

coverage does not extend to the company's employees. *Id.* The court added that a corporation cannot have a spouse or any relatives and, therefore, the definition of "family" does not include employees. *Id.*

The Supreme Court of Iowa addressed the same problem in *Huebner v. MSI Ins. Co.,* 506 N.W.2d 438, 441 (Iowa 1993), where the son of an employee was struck by a hit-and-run driver as he was walking his dog. The issue was whether the family-oriented language in a policy issued to the corporate employer covered the relatives of the employee. The court held the policy did not cover the relatives of employees of a corporation. *Huebner,* 506 N.W.2d at 441.

The Court of Appeals of Oregon held an insurance policy issued to a corporation that used family-oriented language is not ambiguous. *Meyer v. American Economy Ins. Co.,* 103 Or.App. 160, 796 P.2d 1223, 1225 (1990). The court upheld the denial of insurance benefits to an employee reasoning he is not covered under the definition of "family." *Id.*

Other jurisdictions have held family-oriented language in insurance policies issued to corporations or partnerships provide coverage to individuals. The Court of Appeals of Kentucky upheld coverage for partners and their relatives even though the partnership was the named insured. *Hartford Acc. & Indem. Co. v. Huddleston,* 514 S.W.2d 676, 678 (Ky.1974). The court reasoned that a legal entity cannot have a spouse or relatives, and the contract "plainly embraced the partners and their relatives." *Id.*

The Supreme Court of Ohio held an insurance policy that named an entity as the insured is ambiguous and interpreted the policy to provide coverage for an employee. *King v. Nationwide Ins. Co.,* 35 Ohio St.3d 208, 210–211, 519 N.E.2d 1380, 1383 (1988). The court reasoned that when the named insured is an entity (community action agency), an insurance policy provision defining the insured as "you" or any "family member" is open to interpretation. *Id.* at 212–213, 519 N.E.2d at 1384. The court construed the family-oriented language to include the employee under the protection of the policy. *Id.* at 213–214, 519 N.E.2d at 1385; *see also*

*Decker v. CNA Ins. Co.,* 66 Ohio App.3d 576, 581–582, 585 N.E.2d 884, 888 (1990) (employee of corporation was covered by the family-oriented language).

We follow the lead of North Carolina, Iowa, and Oregon and hold that when a corporate-employer is a named insured on a policy, the family-oriented language does not extend coverage to the corporation's employees. *Sproles,* 407 S.E.2d at 500; *Huebner,* 506 N.W.2d at 441; *Meyer,* 796 P.2d at 1225. Because it is not reasonable to interpret the family-oriented language in a policy issued to a corporation to extend to employees, it is not necessary for us to resort to rules of contract construction. We find the policy is unambiguous, because it is susceptible of only one reasonable interpretation.

We overrule the Websters' sole point of error.

HUTSON–DUNN, Justice, dissenting.

I respectfully dissent.

I would hold that the insurance policy in this case is ambiguous, construe the policy against the insurance company, *National Union Fire Ins. Co. v. Hudson Energy Co.,* 811 S.W.2d 552, 555 (Tex.1991); *Entzminger v. Provident Life & Acc. Ins. Co.,* 652 S.W.2d 533, 536 (Tex.App.—Houston [1st Dist.] 1983, no writ), and remand the case for trial.

When an insurance company takes it upon itself to insure an entity, as here (Gullo–Haas), then a reasonable interpretation of the words "family member" take on a meaning other than that applied when the insured is an individual. In a situation such as this, it is reasonable to interpret the phrase "family members" to extend to the employees of the insured entity. By interpreting the term "family members" broadly, insuring the entity is not a useless act. Any other interpretation would render the policy useless. *Decker v. CNA Ins. Co.,* 66 Ohio App.3d 576, 581–582, 585 N.E.2d 884, 888 (1990).

In *Decker,* the court reasoned that when the named insured is a corporation, an insurance policy provision defining the insured as "you" or any "family member" is open to interpretation. 585 N.E.2d at 888. The court construed the language to include an employee under the protection of the policy. *Id.* In *Hartford Acc. & Indem. Co. v. Huddleston,* 514 S.W.2d 676, 678 (Ky.1974), the court reasoned that a legal entity cannot have a spouse or relatives and upheld coverage for partners and their relatives even though the partnership was the named insured.

Therefore, I would interpret the family-oriented language to include coverage for Gullo–Haas employees and their relatives, adopting the construction that most favors the insured. *National Union Fire,* 811 S.W.2d at 555 (Tex.1991); *Entzminger,* 652 S.W.2d at 536.

I would reverse and remand this cause for trial.