## GRAIN DEALERS MUTUAL INSURANCE CO., Appellant,

v.

**Gerald Wayne McKEE and Wife, Diana Michelle McKee, Individually and as Next Friends of Kelly McKee, Minor, Appellees.**

No. 04–94–00815–CV.

Court of Appeals of Texas, San Antonio.

Sept. 27, 1995.

Rehearing Overruled Nov. 28, 1995.

Edward C. Mainz, Jr., Thornton, Summers, Biechlin, Dunham & Brown, L.C., San Antonio, for Appellant.

Malcolm C. Halbardier, San Antonio, for Appellees.

Before CHAPA, C.J., and RICKHOFF and STONE, JJ.

## OPINION

CHAPA, Chief Justice.

Grain Dealers Mutual Insurance Co. appeals from a summary judgment. This case reviews a business auto insurance contract in which the named insured is a corporation, but which includes uninsured/underinsured and personal injury protection endorsements that provide coverage to "you or any family member." Because this family-oriented language caused an ambiguity, we find that the corporation's sole shareholder could reasonably understand that his family members were covered. We affirm the summary judgment which so held.

## Procedural and Factual Background

The appellant insurance company issued a Business Auto Coverage policy for Future Investments, Inc. d/b/a/ DK & M Construction, of which Gerald McKee is president and sole shareholder.[1] The policy includes Personal Injury Protection (PIP) and Uninsured/Underinsured Motorist protection, and additional premiums were paid for this coverage. McKee's eleven-year-old daughter, Kelly, was seriously injured in a one-car auto accident in which her stepsister was the driver. The parties stipulated that the car involved in the accident was not covered

under the policy, the stepsister was not covered, and the accident occurred on a purely personal outing, which was not made in connection with any business pursuit of the corporate named insured. Both the stepsister's policy and the McKees' personal policy paid off to their maximum limits. When McKee filed claims against his corporation's business policy, the appellant refused to pay on the grounds that Kelly was not an insured. Appellees filed suit alleging breach of contract, negligence, bad faith, and deceptive trade practices. The parties agreed to submit the issue of coverage to the trial court by way of counter-motions for summary judgment to avoid delay and expense in the event the court determined that coverage was not applicable. The remaining causes of action were severed and abated pending resolution of the coverage issue. The trial court granted a general summary judgment to appellees finding in favor of coverage. Thus, the appeal before us presents the single issue of whether, as a matter of law, the policy's UM/UIM and PIP endorsements provide coverage to Kelly. Appellant brings this appeal on four points of error, all asserting that the trial court erred in granting appellees' summary judgment and in denying appellant's summary judgment.

## Standard of Review

The standard of review in a summary judgment case is whether the movant met its burden for summary judgment by establishing there exists no genuine issue of

1. The parties stipulated that McKee was the president of the corporation. Appellant contends, however, that there is no competent summary judgment proof that McKee was the sole shareholder of the corporation. Part of appellees' summary judgment evidence as designated in their motion, and of which the court took judicial notice, is appellant's Response to a Request for Production, filed in the trial court a month before the hearing. In response to the request for letters concerning coverage, appellant produced an opinion letter from attorney Scott Patrick Stolley, of Dallas, Texas, in which he states, "I understand that Future Investments, was incorporated on May 1, 1992, and that Mr. Gerald Wayne McKee is the president and sole shareholder." The opinion letter is written from the perspective "of whether a 'family member' is covered when a family-owned corporation is the named insured." Responses to requests for production can be considered as summary judgment

evidence. See Waddy v. City of Houston, 834 S.W.2d 97, 102 (Tex.App.—Houston [1st Dist.] 1992, writ denied); Owen Elec. Supply, Inc. v. Brite Day Constr., Inc., 821 S.W.2d 283, 286 (Tex.App.—Houston [1st Dist.] 1991, writ denied). Moreover, a "statement made by a person, authorized by a party to make a statement concerning the subject, ... is considered an admission by that party." Tex.R.Evid. 801." Portland Sav. & Loan Ass'n v. Bernstein, 716 S.W.2d 532, 540 (Tex.App.—Corpus Christi 1985, writ ref'd n.r.e.), cert. denied, 475 U.S. 1016, 106 S.Ct. 1200, 89 L.Ed.2d 313 (1986). An admission is " 'any statement made or act done by one of the parties to any action or on his behalf which amounts to a prior acknowledgement by such party that one of the facts relevant to the issues is not as he now claims.' " Hartford Accident & Indem. Co. v. McCardell, 369 S.W.2d 331, 337 (Tex.1963) (quoting 2 MCCORMICK & RAY, TEXAS LAW OF EVIDENCE § 1121).

material fact and that it is entitled to a judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex.1985); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979); Tex.R.Civ.P. 166a(c). When both parties move for summary judgment, each party must carry its own burden of establishing a right to judgment. *State Farm Lloyds, Inc. v. Williams*, 791 S.W.2d 542, 549–50 (Tex. App.—Dallas 1990, writ denied). Neither can prevail solely because of the failure of the other party to discharge its burden. *Federal Deposit Ins. Corp. v. Attayi*, 745 S.W.2d 939, 948 (Tex.App.—Houston [1st Dist.] 1988, no writ); *see The Atrium v. Kenwin Shops of Crockett, Inc.*, 666 S.W.2d 315, 318 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.). When counter-motions for summary judgment are properly before the trial court at the time judgment is rendered, all the evidence accompanying both motions should be considered in deciding whether to grant either party's motion. *Dallas County Appraisal Dist. v. Institute for Aerobics Research*, 766 S.W.2d 318, 319 (Tex.App.—Dallas 1989, writ denied). The trial court is not limited to considering only the evidence filed in support of a party's motion, but can look to the other movant's proof as well when granting the first party's motion. *Farm Credit Bank v. Snyder Nat'l Bank*, 802 S.W.2d 709, 712 (Tex.App.—Eastland 1990, writ denied). Thus, when both parties file motions for summary judgment and one is granted and one is denied, we review all questions presented. *Nationwide Property & Casualty Ins. Co. v. McFarland*, 887 S.W.2d 487, 490 (Tex.App.—Dallas 1994, writ denied).

 When a trial court enters a summary judgment order that does not specify the particular ground on which it is based, the party appealing must show that each independent argument alleged in the motion for summary judgment is insufficient to support the trial court's order. *McCrea v. Cubilla Condominium Corp.*, 685 S.W.2d 755, 757 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.). When the trial court's order does not specify the grounds relied on for its ruling, summary judgment will be affirmed if any of the theories advanced are meritorious.

*Rogers v. Ricane Enters., Inc.*, 772 S.W.2d 76, 79 (Tex.1989).

## The Insurance Policy

In the disputed policy, the "named insured" in the declarations page is the corporation. The corporation is also the named insured on the UM/UIM and PIP endorsements. On the UM/UIM endorsement, a space for a "Designated person" has been left blank. The business auto coverage page provides that throughout the policy the words "you" and "your" refer to the named insured on the declarations page. There is also a definitions section, but the word "you" does not appear there.

The UM/UIM lists three categories of "insured." The policy provides UM/UIM coverage to:

1. You and any designated person and any family member of either.

2. Any other person occupying a covered auto.

3. Any person or organization for damages that person or organization is entitled to recover because of bodily injury sustained by a person described in 1. or 2. above.

The PIP has two categories of insured:

1. You or any family member while occupying or when struck by any auto.

2. Anyone else occupying a covered auto with your permission.

(emphasis in original to denote specially defined terms deleted). Both parties agree that Kelly must fit into the first category as a family member in each instance to receive coverage.

"Family member" is defined in both endorsements as "a person related to you by blood, marriage or adoption who is a resident of your household, including a ward or foster child." It is undisputed that Kelly is the appellees' daughter residing in their household.

## Analysis

 The sole issue before us is whether a family member of the president and sole shareholder of a family-owned corporation is covered under family-oriented language in an

insurance policy in which only the corporation is the named insured. This is a case of first impression in Texas, although courts in other jurisdictions have both approved and disapproved coverage in comparable circumstances. In a similar claim, one Texas court of appeals has found that a corporation's *employee* is not covered as a "family member" under an identical policy in which the entity is the named insured. *Webster v. U.S. Fire Ins. Co.,* 882 S.W.2d 569 (Tex.App.—Houston [1st Dist.] 1994, writ denied). In *Webster,* an employee of a car dealership sought to recover under the corporation's uninsured motorist coverage for injuries incurred while he and his wife were test driving a customer's car by contending they were "family members" of the corporation. We agree with the Houston court's conclusion that it is "not reasonable to interpret the family-oriented language in a policy issued to a corporation to extend to *employees,*" and that the contract is not ambiguous in this regard. *Id.* at 573 (emphasis added). In the instant case, however, we are confronted with a situation in which the injured is a member of the immediate family of the sole shareholder of a family-owned corporation. Thus, we must determine whether a reasonable interpretation of the policy could encompass actual family members.

▐▬▬ Appellant contends that the contract is not ambiguous, and also contends that appellees did not move for summary judgment on the basis of ambiguity, although they pleaded it in the alternative in their Second Amended Original Petition. However, a court may conclude that a contract is ambiguous even in the absence of such pleading by either party. *Sage Street Assocs. v. Northdale Constr. Co.,* 863 S.W.2d 438, 445 (Tex.1993); *Coker v. Coker,* 650 S.W.2d 391, 394 (Tex.1983). Whether a contract is ambiguous is a question of law for the court. *Yancey v. Floyd West & Co.,* 755 S.W.2d 914, 917 (Tex.App.—Fort Worth 1988, writ denied). The parties agree that specific grounds alleged in the appellees' motion were (1) that the Grain Dealer's policy clearly covered the McKees as insureds, and (2) that the McKees were clearly covered under Grain Dealer's policy by virtue of articles 5.06–1 and 5.06–3 of the insurance code, which mandate UM/UIM and PIP coverage.

*See* TEX.INS.CODE ANN. arts. 5.06–1, 5.06–3 (Vernon 1981). Nonetheless, in the event a court finds an insurance policy ambiguous, it must necessarily find in favor of coverage. *Ramsay v. Maryland Am. Gen. Ins. Co.,* 533 S.W.2d 344, 349 (Tex.1976); *see State Farm Life Ins. Co. v. Beaston,* 907 S.W.2d 430, 438 (Tex.1995) (Phillips, C.J., concurring in part and dissenting in part) (noting he would affirm trial court's directed verdict in favor of insured because under an ambiguous contract an insurance company owes "the proceeds of the policy as a matter of law"). We conclude that appellees' motion sufficiently stated a ground upon which the summary judgment could be granted by asserting that Kelly was covered as an insured as a matter of law.

▐▬▬ It is fundamental that insurance policies are controlled by rules of construction which are applicable to contracts generally. *Barnett v. Aetna Life Ins. Co.,* 723 S.W.2d 663, 665 (Tex.1987). The determination of whether a contract is ambiguous in light of its wording and the surrounding circumstances is a question of law. *Coker,* 650 S.W.2d at 394; *Yancey,* 755 S.W.2d at 917. We must interpret and construe insurance policies liberally in favor of the insured and strictly against the insurer, especially when dealing with exceptions and words of limitation. *Kelly Assocs., Ltd. v. Aetna Casualty & Surety Co.,* 681 S.W.2d 593, 596 (Tex. 1984); *Blaylock v. American Guar. Bank Liability Ins. Co.,* 632 S.W.2d 719, 721 (Tex. 1982); *Ramsay,* 533 S.W.2d at 349. When the language of a policy is susceptible of more than one reasonable construction, courts will apply a construction that favors the insured and permits recovery. *Barnett,* 723 S.W.2d at 666; *Kelly,* 681 S.W.2d at 596; *Glover v. National Ins. Underwriters,* 545 S.W.2d 755, 761 (Tex.1977); *Ramsay,* 533 S.W.2d at 349. Where the clause of the insurance policy subject to dispute involves exceptions or limitations on the insurer's liability under the policy, even more stringent construction than usual is required. *Glover,* 545 S.W.2d at 761; *Adrian Assocs., Gen. Contractors v. National Surety Corp.,* 638 S.W.2d 138, 140 (Tex.App.—Dallas 1982, writ ref'd n.r.e.). This is true even if the construction urged by the insurer appears to be more reasonable or a more accurate reflec-

tion of the parties' intent. *National Union Fire Ins. Co. v. Hudson Energy Co.*, 811 S.W.2d 552, 555 (Tex.1991).

These special rules favoring the insured are only applicable when there is an ambiguity in the policy; if the term in question is susceptible of only one reasonable construction, then these rules do not apply. *Puckett v. U.S. Fire Ins. Co.*, 678 S.W.2d 936, 938 (Tex.1984); *Ranger Ins. Co. v. Bowie*, 574 S.W.2d 540, 542 (Tex.1978). However, when the language of the policy is susceptible to more than one reasonable construction, it is patently ambiguous. *Barnett*, 723 S.W.2d at 665.

In the instant case the "named insured" is unequivocally the corporation. The policy also clearly defines "you" and "your" as used throughout the policy as the "named insured." These terms are unambiguous. On the other hand, the UM/UIM and PIP endorsements [2] indicate that the "insured" are "you or any family member." It is uncontested that a corporation cannot have family members. However, a "family member" is defined as "a person related to you ... who is a resident in your household." (emphasis added). When the contract is considered in the surrounding circumstances, namely, providing insurance coverage to a sole shareholder corporation, it is entirely reasonable that "[a]n endorsement that specifically added coverage for 'family members,' as did this one, would reasonably be understood as providing [underinsured] motorist insurance for members of the [McKee] family independent of whether they were occupying a covered automobile at the time of the injury." *Ceci v. National Indem. Co.*, 225 Conn. 165, 622 A.2d 545, 549 (1993). Therefore, we conclude that the combination of the family-oriented language in a policy insuring a family-owned business, appearing in an endorsement that expands coverage to insure family members when the balance of the policy does not, creates an ambiguity. *See Barnett*, 723

S.W.2d at 665 (while language used is definite, meaning and scope of the language is ambiguous). "Thus, once the insured presents a reasonable construction of the terms of the policy at issue, any ambiguity must be resolved, as a matter of law, against the insurer and in favor of coverage." *Pioneer Chlor Alkali v. Royal Indem. Co.*, 879 S.W.2d 920, 929 (Tex.App.—Houston [14th Dist.] 1994, no writ) (citing *Balderama v. Western Casualty Life Ins. Co.*, 825 S.W.2d 432, 434 (Tex.1991); *see State Farm Life Ins. Co. v. Beaston*, 907 S.W.2d 430, 438 (Tex.1995) (Phillips, C.J., concurring in part and dissenting in part).

As noted above, other jurisdictions addressing this policy language have variously found for or against coverage. For example, in *Ceci v. National Indem. Co.*, 225 Conn. 165, 622 A.2d 545, 549 (1993), the Supreme Court of Connecticut found that the family-oriented language in a policy insuring a family-owned and operated corporation provided coverage to the brother of the corporation's sole stockholder. The court found the policy ambiguous and noted:

> By inserting a family member provision in the business policy, the defendant has left the [appellants] in the unenviable position of having to divine the meaning and purpose of the family member language in the context of the policy.... The defendant could have clarified or omitted the problematic language to provide notice to the [appellants] of the precise nature of the coverage that was being purchased. It failed to do so, ... thereby creating the ambiguity in the policy.

*Id.* at 550; *see Hager v. American West Ins. Co.*, 732 F.Supp. 1072, 1075 (D.Mont.1989) (ambiguity is created by utilizing term "family member" in a policy issued to a closely held family corporation). Appellant contends that this is a minority position and that a majority of courts do not find ambiguity or coverage under similar wording.[3] However,

---

**2.** On the endorsement form, the purchaser is told, "This endorsement changes the policy...."

**3.** Several of the cases cited by appellant deal solely with employees seeking coverage under their employers' corporate policies. *See, e.g., Huebner v. MSI Ins. Co.*, 506 N.W.2d 438 (Iowa 1993); *Sproles v. Greene*, 329 N.C. 603, 407

S.E.2d 497 (N.C.1991); *see also Peterson v. Universal Fire & Casualty Ins. Co.*, 572 N.E.2d 1309 (Ind.Ct.App.1991) (majority shareholder, who was also an officer and employee, not covered under corporate policy). Indeed, *Sproles* and *Huebner* were relied upon by the First Court of Appeals in *Webster* to determine that employees are not covered. But, as previously explained,

as noted in *Pioneer Chlor Alkali,* when insurance policy language has not been previously interpreted by Texas courts, we look to other jurisdictions in which the courts have interpreted the same language. *Pioneer Chlor Alkali,* 879 S.W.2d at 929. While we recognize that decisions in other jurisdictions are merely persuasive authority, when those cases have reached differing conclusions we may certainly consider this to be further evidence that the language at issue is "susceptible of two reasonable conclusions." *Id.* In such a circumstance, following the dictates of the supreme court, we necessarily must adopt the construction that most favors the insured and must, as a matter of law, find in favor of coverage. *Balderama,* 825 S.W.2d at 434; *Hudson Energy Co.,* 811 S.W.2d at 555; *Ramsay,* 533 S.W.2d at 349. We conclude that the trial court did not err in finding, as a matter of law, that Kelly McKee was covered as a "family member" under the UM/UIM and PIP endorsements of the policy at issue.

### Penalty under Article 5.06–3

 Appellees contend that they are also entitled to a twelve percent penalty under article 5.06–3 of the insurance code. TEX.INS. CODE ANN. art. 5.06–3 (Vernon 1981). This provision entitles an insured to recover a twelve percent penalty when PIP proceeds are not paid within thirty days. The wording of the statute is mandatory:

> In the event the insurer fails to pay such benefits when due, the person entitled to such benefits may bring an action in contract to recover the same; and, in the event the insurer is required to pay such benefits, the person entitled to such benefits shall be entitled to recover ... 12% penalty, plus interest thereon[.]

*Id.* art. 5.06–3(d)(3). The statute provides no exception for the withholding of benefits in good faith pending resolution of a dispute. We therefore affirm the granting of the twelve percent penalty.

### Attorney Fees

 Appellees contend that they are entitled to attorney fees for the prosecution of this declaratory judgment action to determine coverage because they requested the

fees in their motion for summary judgment and the court granted their motion "in all things." The order granting the motion does not mention attorney fees. Appellees ask that this court remand to the trial court for a determination of fees, because no proof was proffered as to the amount of reasonable attorney fees, nor were they mentioned at the hearing on the summary judgment. Although appellant did not challenge an award of attorney fees on appeal, it challenged appellees' right to attorney fees in its motion for new trial, and it contends that the trial court's order severing the declaratory judgment cause of action from the rest of appellees' suit clearly severed the issue of attorney fees. The Agreed Order on Severance and Abatement, signed February 1, 1995, stated:

> It is ORDERED, ADJUDGED and DECREED that all of Plaintiffs' claims and/or causes of action, *including all Plaintiffs' claims for attorney's fees,* against Grain Dealers Mutual Insurance Company, except Plaintiffs' cause of action for declaratory judgment on the coverage issue and the counterclaim of Grain Dealers Mutual Insurance Company for declaratory judgment on the coverage issue, are hearby severed from the above-styled and numbered suit.... [and] that all such severed claims and causes of action ... are hearby abated.... (emphasis added).

Appellees point out that the severance order was signed after the order entering summary judgment, and thereby contend that the grant of all relief prayed for in their motion, including attorney fees, is not covered by the subsequent severance order. However, until the coverage issue was severed from the balance of the suit by the February 1, 1995, order, the summary judgment order was interlocutory. *See City of Beaumont v. Guillory,* 751 S.W.2d 491, 492 (Tex.1988) (summary judgment on some issues in pending suit is interlocutory until severed by trial court); *see also McRoberts v. Ryals,* 863 S.W.2d 450, 452–53 (Tex.1993) (order severing part of a cause of action is effective when signed). Nonetheless, we agree with appellees that the summary judgment order on the declaratory judgment action included a grant of

we find the situation in which an employee seeks coverage distinguishable from the case before us.

attorney fees for the declaratory judgment portion only. However, the trial court's severance order clearly severed and abated any determination of attorney fees until the coverage issue was settled. Further, no competent proof of the amount of attorney fees was presented to the trial court in the declaratory judgment action. We conclude that the amount of attorney's fees for the declaratory judgment action, which fees are granted to appellees by the summary judgment, is to be determined when the severed cause is heard.

The judgment of the trial court is AFFIRMED.