**Julie Ann FREESE and Raymond L. Freese, Appellants,**

v.

**BITUMINOUS CASUALTY CORPORATION,**
**Appellee,**

and

**Walter James Kosinski and Teresa Kosinski, Defendants.**

No. 95–259.

Supreme Court of Iowa.

June 19, 1996.

---

Frank Cosgrove, Sioux City, and Wil L. Forker, Sioux City, for appellants.

Paul D. Lundberg and Michael J. Frey of Shull, Cosgrove, Hellige & Lundberg, Sioux City, for appellees.

Considered by HARRIS, P.J., and LARSON, CARTER, NEUMAN, and ANDREASEN, JJ.

CARTER, Justice.

Plaintiffs, Julie Ann Freese and Raymond L. Freese, appeal from an adverse judgment in their action seeking to recover uninsured motorist benefits under a commercial umbrella policy issued by defendant Bituminous Casualty Corporation (Bituminous). They contend that the language of an endorsement to that policy incorporated the uninsured motorist coverage provided in the underlying policy issued by State Farm Mutual Insurance Company (State Farm). Because we disagree with that contention, we affirm the judgment of the district court.

Plaintiffs were involved in an automobile collision with Walter Kosinski. Plaintiff Julie Freese received severe injuries and recovered damages from Kosinski in the sum of $165,000. Kosinski did not have liability insurance. The automobile in which plaintiffs were riding was owned by plaintiff Raymond Freese's employer, who had automobile liability insurance with State Farm. State Farm ultimately paid Julie Freese $100,000 under the uninsured motorist coverages provided in that policy.

Raymond's employer also had a commercial umbrella policy issued by Bituminous. The insuring agreement contained in that policy was to pay on behalf of any insured "the ultimate net loss in excess of the retained limit in the underlying policy." The phrase "ultimate net loss" was defined in the umbrella policy as

> the total amount of damages for which the "Insured" is legally liable in payment of bodily injury, property damage, personal injury, or advertising injury.

The Bituminous umbrella policy also contained an exclusion providing that the insurance did not apply to

> any uninsured motorists, underinsured motorists, or automobile no-fault or first party "bodily injury" or "property damage" law.

An endorsement was added to the Bituminous umbrella policy, which provided as follows:

> The policy does not apply to "bodily injury" ... arising out of the ... use of any "auto" except an "auto" for which insurance is provided by a policy listed in the schedule of underlying insurance but only to the extent insurance is provided by that policy and subject to all of its limitations other than limits of liability.

In *The Travelers v. Mays*, 434 N.W.2d 133 (Iowa App.1988), the court of appeals determined that an umbrella policy providing excess liability coverage over stated amounts in an underlying automobile policy did not provide uninsured motorist coverage. In that case as in the present case, an argument was

made that the reference to the underlying insurance policy in the umbrella policy incorporated all of the coverages of the underlying policy. In rejecting this claim, the court of appeals stated:

> The mere reference to the comprehensive automobile policy does not change the undertaking of the insurance contract to indemnify the insured for all sums which the insured shall be obligated to pay by reason of its liability.

*Id.* at 136.

Plaintiffs in the present case seek to distinguish the decision in *The Travelers* based on the language of the endorsement. We do not deem this distinction to be significant. We have recognized that the language contained in an endorsement or a rider to an insurance policy will not be extended to affect other provisions of that policy that are not expressly mentioned in the endorsement. *Huebner v. MSI Ins. Co.*, 506 N.W.2d 438, 442 (Iowa 1993). The only implications that may be drawn from the language of the endorsement in the present case is that it is eliminating any coverage otherwise existing under the umbrella policy with respect to the use of any automobile other than those automobiles insured by the underlying State Farm policy. The endorsement thus adds nothing to the coverage of the Bituminous umbrella but rather detracts from that coverage. The primary insuring agreement of the umbrella clearly limits its coverages to payment of the "ultimate net loss" in excess of the limits of the underlying policy. Ultimate net loss is defined exclusively in terms of amounts of damages for which the insured is legally liable. The umbrella clearly provides no coverages other than liability coverages.

We have considered all issues presented and conclude that the judgment of the district court should be affirmed.

**AFFIRMED.**