**STATE FARM LLOYDS, Appellant,**

v.

**Anne W. MARCHETTI and Dario Marchetti, Appellees.**

**No. 01–96–00486–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 2, 1997.

Rehearing Overruled Nov. 14, 1997.

Dale L. Trimble, The Woodlands, for Appellant.

Phillip S. Gordon, Houston, for Appellees.

Before WILSON, COHEN and HEDGES, JJ.

## OPINION

WILSON, Justice.

This is an appeal from a summary judgment granted in favor of appellees, Anne W. Marchetti and Dario Marchetti. The underlying lawsuit is an insurance coverage dispute arising from a Texas homeowner's insurance policy issued by appellant, State Farm Lloyds, to appellees.

### BACKGROUND

In March 1994, appellees sustained damage to their dwelling and contents as a result of the backup of water and raw sewage through a drain opening in the utility room of their home. Appellees filed a claim for damages, which appellant denied; appellees then sued to recover under the policy. Both parties filed motions for summary judgment based on stipulated facts. The trial court granted appellees' motion, decreeing that appellees' losses were covered losses under the policy, and denied appellant's motion on its affirmative defense. Appellant now appeals on two points of error. We affirm.

### ANALYSIS

A contract of insurance is subject to the same rules of interpretation as other con-

tracts. *Barnett v. Aetna Life Ins. Co.*, 723 S.W.2d 663, 665 (Tex.1987); *Webster v. United States Fire Ins. Co.*, 882 S.W.2d 569, 572 (Tex.App.—Houston [1st Dist.] 1994, writ denied). Insurance contracts must be construed to give effect to all provisions, if possible, and a construction will not be placed on one provision if it will cause another to be meaningless. *Blaylock v. American Guarantee Bank Liability Ins. Co.*, 632 S.W.2d 719, 722 (Tex.1982); *Jones v. St. Paul Ins. Co.*, 725 S.W.2d 291, 294 (Tex.App.—Corpus Christi 1986, no writ). If the policy is worded so that it can be given only one reasonable interpretation, it will be enforced as written. *State Farm Fire & Cas. Co. v. Reed*, 873 S.W.2d 698, 699 (Tex.1993); *Webster*, 882 S.W.2d at 572. If the policy is susceptible to more than one reasonable interpretation, we must resolve the uncertainty by adopting the construction most favorable to the insured. *State Farm*, 873 S.W.2d at 699; *Webster*, 882 S.W.2d at 572. Whether a policy is ambiguous is a question of law. *Coker v. Coker*, 650 S.W.2d 391, 393–94 (Tex.1983). If the policy provision is not ambiguous, interpretation of the unambiguous language is also a question of law. *Coker*, 650 S.W.2d at 393.

■ Because this case involves an exclusion to coverage, an even more stringent construction is required. An intent to exclude coverage must be expressed in clear and unambiguous language. *State Farm*, 873 S.W.2d at 699. The interpretation of an exclusionary clause urged by the insured will be adopted as long as that construction is not unreasonable, even if the interpretation urged by the insurer appears to be more reasonable or a more accurate reflection of the parties' intent. *Barnett*, 723 S.W.2d at 666; *Glover v. National Ins. Underwriters*, 545 S.W.2d 755, 761 (Tex.1977); *Pioneer Chlor Alkali Co., Inc. v. Royal Indem. Co.*, 879 S.W.2d 920, 929 (Tex.App.—Houston [14th Dist.] 1994, no writ). However, these rules apply only if the policy is ambiguous. Therefore, we must first determine whether the policy is ambiguous.

Appellees made claims for loss to their dwelling and of personal property. The policy provides as follows:

SECTION I–PERILS INSURED AGAINST

COVERAGE A (DWELLING)

We insure against all risks of physical loss to the property described in Section I Property Coverage, Coverage A (Dwelling) unless the loss is excluded in Section I Exclusions.

COVERAGE B (PERSONAL PROPERTY)

We insure against physical loss to the property described in Section I Property Coverage, Coverage B (Personal Property) caused by a peril listed below, unless the loss is excluded in Section I Exclusions.

9. Accidental Discharge, Leakage or Overflow of Water or Steam from within a plumbing, heating or air conditioning system or household appliance.

A loss resulting from this peril includes the cost of tearing out and replacing any part of the building necessary to repair or replace the system or appliance. But this does not include loss to the system or appliance from which the water or stream escaped.

Exclusions 1.a. through 1.h. under Section I Exclusions do not apply to loss caused by this peril.

SECTION I–EXCLUSIONS

i. We do not cover loss caused by or resulting from flood, surface water, waves, tidal water or tidal waves, overflow of streams or other bodies of water or spray from any of these whether or not driven by wind.

We do cover an ensuing loss by theft or attempted theft or any act or attempted act of stealing.

■ The insuring clause for personal property is specific and definite. It specifies narrowly defined types of water damage for which coverage is provided: "accidental discharge, leakage or overflow of water or steam." The clause also provides that the damage must result from water coming

"from within a plumbing, heating or air conditioning system or household appliance." This describes the circumstances of appellees' loss: water and raw sewage discharged or overflowed from within the plumbing system of their home. The policy describes the coverage with sufficient particularity to compel the conclusion that the damage resulting from the accidental discharge or overflow of water and sewage through the drain opening in appellees' utility room was covered by the insuring clause.

Appellant contends appellees' losses are excluded because such losses were caused by, or resulted from, flood or surface water. Fundamentally, appellant claims flood water, albeit indirectly, was the cause in fact of appellees' losses, thereby negating appellant's responsibility by the terms of the exclusion.

■■■ The terms "flood water" and "surface water" have been defined by Texas courts considering similar exclusionary language. "Flood water" is that water which is above the highest line of the regular flow of a stream. *Employers' Fire Ins. Co. v. Howsley*, 432 S.W.2d 578, 580 (Tex.Civ.App.—Amarillo 1968, no writ). "Surface water" is defined as water or natural precipitation diffused over the surface of the ground until it either evaporates, is absorbed by the land, or reaches channels where water naturally flows. *Transamerica Ins. Co. v. Raffkind*, 521 S.W.2d 935, 939 (Tex.Civ.App.—Amarillo 1975, no writ); *Employers' Fire Ins.*, 432 S.W.2d at 580. "Flood water" and "surface water," therefore, have a terranean nature,— *i.e.*, water overflowing its natural banks or which does not form a well-defined body of water—as opposed to water below the surface, whether from a natural or unnatural source. Appellant does not contend a natural body of water overflowed its banks. The losses sustained by appellees were caused by, or resulted from, water (and sewage) after it had lost its status as surface water by flowing into underground sewage lines.

■■■ But appellant argues the definition of these terms is not relevant. Instead, appellant urges the Court to focus on the phrase "caused by or resulting from," and find that, because flooding or surface water was the *cause in fact* of the discharge of water and sewage through appellees' drain, the exclusion applies. However, the fact that excessive surface water may have initiated the chain of events which led to appellees' loss is immaterial. Here, excessive rainfall caused the sanitation sewer system to exceed its capacity and direct waters back through the underground lines from the street into appellees' home, in turn, causing non-flood water and sewage to accidently discharge or overflow from within the plumbing system in their home. We hold that when the loss is a consequence of the invasion of the insured premises by non-flood water, even though the invasion may have been proximately caused by flood water, the exclusion does not apply.

■■■ While broad, general provisions for coverage under a policy may be limited by specific exclusions, we cannot endorse broad, general exclusions which seek to render illusory narrow and specific provisions of coverage. This view is supported by the accepted rule of construction that exceptions from liability are not favored, and will be strictly construed against the insurer. *Glover*, 545 S.W.2d at 761. Reading all parts of the policy together, the policy unambiguously provides coverage for water damage that resulted from an accidental discharge from within appellees' plumbing system caused by the pressure of backed-up water and sewage. Such an interpretation of the entire policy gives effect to both the insuring clause and the exclusionary clause.

Because we hold the insurance policy to be unambiguous, and the exclusion inapplicable to the facts of this case, we need not reach appellant's second point of error. The trial court did not err in granting appellees' motion for summary judgment, and denying appellant's motion for summary judgment.

The judgment of the trial court is affirmed.