TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-01-00042-CV







Dalisa, Inc. and Enchanted Rock Pictures, L.P./ Lawren E. Bradford; Charles E. Pratt,

III;

Martha Claire Tompkins; John Francis Heard, Jr.; Mary Ellen Heard; Susan Frances


Heard; Joan Heard; Michael Thomas Heard; Judith Jacks Lide; James H. W.


Jacks; Jennifer Jacks Henley; Liza Billups Lewis; LeAnn Billups; James S.


Billups III 1996 Trust No. 1; James S. Billups, III, Trustee; Francesca


Billups Mannix; and Marcella Billups Symington
, Appellants



v.



Lawren E. Bradford, Charles E. Pratt, III; Martha Claire Tompkins; John Francis Heard,


Jr.; Mary Ellen Heard; Susan Frances Heard; Joan Heard; Michael Thomas Heard;


Judith Jacks Lide; James H. W. Jacks; Jennifer Jacks Henley; Liza Billups Lewis;


LeAnn Billups; James S. Billups III 1996 Trust No. 1; James S. Billups, III,


Trustee; Francesca Billups Mannix; and Marcella Billups Symington
/


Dalisa, Inc. and Enchanted Rock Pictures, L.P., Appellees








FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT


NO. GN002569, HONORABLE F. SCOTT MCCOWN, JUDGE PRESIDING








 Dalisa, Inc., and Enchanted Rock Pictures, L.P. ("Dalisa" collectively) appeal from
a summary judgment recovered against them by sixteen landowners ("Bradford" collectively). (1) 
Bradford appeals from a related trial-court order denying his motion to cancel a lis pendens notice
recorded by Dalisa. We will sustain Dalisa's motion that we dismiss the appeals for want of an
appealable final order.


THE CONTROVERSY


 Under the Uniform Declaratory Judgments Act, Bradford sued Dalisa for the
following declaratory relief: (1) Dalisa possessed no interest in Bradford's tract of land; (2) no
contract pertaining to the land existed between Dalisa and Bradford; and (3) Dalisa was not entitled
to record against the tract a lis pendens notice. See Tex. Civ. Prac. & Rem. Code Ann. §§ 37.001-.011 (West 1997) (the "Act" hereafter). Bradford also claimed a right to attorney's fees under
section 37.009 of the Act.

 Dalisa included in its answer the following counterclaims: an action for specific
performance of an alleged contract or contracts wherein Bradford agreed to sell the land to Dalisa;
actions for money damages based upon allegations of fraudulent or negligent misrepresentation made
by Bradford in the course of negotiations aimed at selling the land to Dalisa; a statutory cause of
action for declaratory relief establishing in Dalisa an equitable title or other interest in the land; and
a claim for imposition of a constructive trust against the land securing large sums allegedly spent by
Dalisa in reliance upon misrepresentations made by Bradford in the course of negotiations.

 Bradford moved for partial summary judgment. After hearing, the trial judge signed
a "Final Judgment" awarding Bradford the following declaratory relief: (1) Dalisa has no contract
for the purchase of Bradford's land; (2) Dalisa owns no beneficial interest in the land; and (3) Dalisa
possesses no other interest in the land sufficient to support the filing of a lis pendens notice or
otherwise to cloud Bradford's title.

 Immediately after signing the "Final Judgment," the trial judge severed from the cause
Bradford's claim for declaratory relief under the Act, leaving for an independent adjudication
Bradford's claim for attorney's fees under section 37.009 of the Act and Dalisa's counterclaims. The
trial court denied, however, Bradford's motion to cancel the lis pendens notice recorded by Dalisa.

 Dalisa appealed to this Court from the order granting Bradford's motion for summary
judgment. Bradford appealed from the denial of his motion to cancel the lis pendens notice. We
consolidated the two appeals.

 Dalisa contends the trial court abused its discretion by severing Bradford's statutory
cause of action under the Act; and, as a result, there is no valid severance order upon which our
appellate jurisdiction depends.


SEVERANCE ORDERS UNDER RULE 41, TEXAS RULES OF CIVIL PROCEDURE


 Rule 41 of the Texas Rules of Civil Procedure states that "[a]ny claim against a party
may be severed and proceeded with separately." Tex. R. Civ. P. 41. The effect of a severance is to
divide a lawsuit into two or more independent suits that will be adjudicated by distinct and separate
judgments. See Van Dyke v. Boswell, O-Toole, David & Pickering, 697 S.W.2d 381, 383 (Tex.
1985). "The controlling reasons for a severance are to do justice, avoid prejudice[,] and further
convenience." Guaranty Fed. Savs. Bank v. Horseshoe Operating Co., 793 S.W.2d 652, 658 (Tex.
1990).

 In their administration of Rule 41, trial courts have broad authority and their decisions
to grant or deny a severance will not be reversed on appeal absent an abuse of discretion. Liberty
Nat'l Fire Ins. Co. v. Akin, 927 S.W.2d 627, 629 (Tex. 1996). The discretion vested in trial courts
is not, however, without limits. Theirs is "a sound and legal discretion within limits created by the
circumstances of the particular case." Womack v. Berry, 291 S.W.2d 677, 683 (Tex. 1956). Such
discretion may not be exercised contrary to legal rules and principles applicable in the particular
case. See Bocquet v. Herring, 972 S.W.2d 19, 21 (Tex. 1998); Del Valle Indep. Sch. Dist. v. Lopez,
863 S.W.2d 507, 513 (Tex. App.--Austin 1993, writ denied).

 Compliance with Rule 41, providing for the severance of "[a]ny claim," requires the
following: (1) a controversy involving more than one cause of action; (2) a severed claim that is the
proper subject of a lawsuit if asserted independently of the other claims; and (3) a severed claim that
is not so interwoven with the remaining actions as to involve the same facts and issues. See State
Dept. of Highways &Public Transp. v. Cotner, 845 S.W.2d 218, 219 (Tex. 1993). Rule 41 is also
governed by this venerable rule: "[s]everance of a single cause of action into two parts is never
proper and should not be granted for the purpose of enabling the litigants to obtain an early appellate
ruling on the trial court's determination of one phase of the case." Pierce v. Reynolds, 329 S.W.2d
76, 79 n.1 (Tex. 1959); see also Pustejovski v. Rapid-American Corp., 35 S.W.3d 643,647 (Tex.
2000) ("The reason for the rule lies in the necessity for preventing vexatious and oppressive
litigation, and its purpose is accomplished by forbidding the division of a single cause of action so
as to maintain several suits when a single suit will suffice.").


BRADFORD'S CLAIM FOR ATTORNEY'S FEES UNDER THE ACT


 The trial-court severance necessarily implies a conclusion by that court that
Bradford's claim for declaratory relief under section 37.003 of the Act and his claim for attorney's
fees under section 37.009 can be adjudged in independent lawsuits culminating in separate and
distinct judgments. Dalisa contends the two claims are instead merely different phases of a single
cause of action. We concur with Dalisa.

 Section 37.009 is headed "Costs" and states as follows: "In any proceeding under this
chapter, the court may award costs and reasonable attorney's fees as are equitable and just." Tex.
Civ. Prac. & Rem. Code Ann. § 37.009 (emphasis added). "That a suit for the statutory attorney's
fees as a separate action could not be maintained is evident from the wording of the statute. . . . The
attorney's fees, while not costs, partake of the nature of the costs of suit and are assessed in
accordance with the judgment" reached in the proceeding. Huff v. Fidelity Life Ins. Co., 312 S.W.2d
493, 501 (Tex. 1958) (emphasis added). While the opinion in Huff referred to the statutory
predecessor of the attorney's-fee provisions now found in section 38.001 of the Texas Civil Practice
and Remedies Code, the reasoning applies all the more, in our view, to section 37.009 of the Act
which prescribes a single "proceeding" and measures the fees awarded by the equities and justice
revealed in that particular proceeding. (2)

 Bradford urges six appellate decisions in support of his position that a claim for
attorney's fees under section 37.009 may be maintained in an independent proceeding and made the
subject of a separate and distinct judgment. Four of the decisions involve different statutory
authorizations for the recovery of attorney's fees. (3) A fifth decision does involve a proceeding under
the Act. (4) In each of the five cases, however, the claim for attorney's fees was severed by the
appellate court and remanded for a new trial. An appellate-court severance of this character is
authorized by Rules 43.2(d), 43.3(a), (b), and 43.6 of the Texas Rules of Appellate Procedure, and
not by Rule 41 of the Texas Rules of Civil Procedure. See Tex. R. App. P. 43.2(d), 43.3(a), (b),
43.6. Severance of a part of a claim for remand to the trial court invokes different considerations. (5) 
Bradford's sixth case is in point. The case is Grain Dealers Mutual Insurance Co. v. McKee, 911
S.W.2d 775 (Tex. App.--San Antonio 1995). Therein, the appellate court concluded, without
citation of authority or supporting rationale, that a claim for attorney's fees under section 37.009
could proceed to a hearing and judgment independently of a claim for declaratory relief under the
Act. We disagree for the reasons stated above. In any event, the claim for attorney's fees vanished
from the McKee case when the supreme court reversed the court of appeal's judgment and rendered
its own contrary "take nothing" judgment on the merits of the plaintiff's claim for declaratory relief. 
See Grain Dealers Mut. Ins. Co. v. McKee, 943 S.W.2d 455 (Tex. 1997).

 We hold the trial court abused its discretion when it severed Bradford's claim for
declaratory relief from his claim for attorney's fees under the Act. (6)


DALISA'S COUNTERCLAIMS


 As indicated above, the discretion lodged in trial courts by Rule 41 may not be
exercised in a manner that is contrary to legal rules and principles applicable in the particular case. 
One such rule forbids the severance of a claim that is interwoven with the remaining actions to an
extent that they involve the same facts and issues. We believe that rule was violated here.

 Bradford requests negative declaratory relief exclusively: that Dalisa possesses no
interest in the Bradford tract, that no contract exists between the parties by reason of negotiations
and writings exchanged between them, and that Dalisa in consequence has no right to record a lis
pendens notice against the tract. Dalisa's requested declaratory relief is exactly contrapositive: that
Dalisa does possess a legal or equitable interest in the Bradford tract by reason of a contract resulting
from negotiations between the parties and writings exchanged between them. Ancillary to its request
for declaratory relief, Dalisa requested specific performance of the alleged contract or, alternatively,
money damages for fraudulent or negligent misrepresentations allegedly made by Bradford in the
course of their negotiations. It is difficult to conceive how these opposing actions do not involve the
same facts and issues. We conclude from the face of the parties' pleadings that they do.

 We therefore hold the trial court abused its discretion when it severed Bradford's
claim for declaratory relief from Dalisa's counterclaims because both are interwoven to an extent
that they involve the same facts and issues. See, e.g., Rucker and Tracom, Int'l v. Bank One Texas,
N.A., 36 S.W.3d 649, 651-52 (Tex. App.--Waco 2000, pet. denied); Fuentes v. McFadden, 825
S.W.2d 772, 779 (Tex. App.--Waco 1992, no writ); Mathis v. De La Garza & Assocs., P.C., 778
S.W.2d 105, 106 (Tex. App.--San Antonio 1989, no writ). (7)


DISPOSITION OF THE APPEALS


 To be appealable, Bradford's summary judgment must dispose of all parties and all
issues before the trial court. See Mafrige v. Ross, 866 S.W.2d 590, 591 (Tex. 1993). Such a
judgment may result, in cases like the present, from a valid severance order. The summary judgment
awarding Bradford declaratory relief does not satisfy this requirement because the severance order
is the result of an abuse of discretion. The invalid severance is prejudicial because it converted into
a final judgment a judgment that is interlocutory. See National Sur. Corp. v. Standard Concrete Pipe
Sales Co., 366 S.W.2d 103, 105 (Tex. Civ. App.--Houston [1st Dist.] 1963, no writ).

 We vacate the trial-court severance order for the abuse of discretion found above. 
For want of an appealable judgment, we dismiss Dalisa's appeal from the summary judgment
recovered by Bradford. Bradford's appeal from the trial-court order denying his motion to cancel
the lis pendens notice depends upon the merits and validity of his claim for declaratory relief. No
final judgment has been rendered sustaining his claim in that regard. His appeal is therefore
premature.

 We dismiss the consolidated appeal for want of jurisdiction.



 

 John E. Powers, Justice

Before Justices Yeakel, Patterson and Powers*: Opinion by Justice Powers;

 Dissenting Opinion by Justice Yeakel

Dismissed for Want of Jurisdiction

Filed: June 21, 2002

Publish




* Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. The landowners are Lawren E. Bradford; Charles E. Pratt, III; Martha Claire Tompkins;
John Francis Heard, Jr.; Mary Ellen Heard; Susan Frances Heard; Joan Heard; Michael Thomas
Heard; Judith Jacks Lide; James H. W. Jacks; Jennifer Jacks Henley; Liza Billups Lewis; LeAnn
Billups; James S. Billups III 1996 Trust No. 1; James S. Billups, III, Trustee; Francesca Billups
Mannix; and Marcella Billups Symington.
2. Attorney's fees incurred in defending a separate lawsuit cannot be recovered under section
37.009 of the Act, notwithstanding that the separate lawsuit concerned the same issues as those in
the declaratory judgment suit. See National Union Fire Ins. Co. v. Care Flight Air Ambulance
Service, Inc., 18 F.3d 323, 330 (5th Cir. 1994).
3. Great Am. Res. Ins. Co. v. Britton, 406 S.W.2d 901, 907 (Tex. 1966); ASAI v. Vanco
Insulation Abatement, Inc., 932 S.W.2d 118, 124 (Tex. App.--El Paso 1996, no writ); Industrial
Disposal Supply Co. v. Perryman Bros. Trash Serv., 664 S.W.2d 756, 761 (Tex. App.--San Antonio
1983, writ ref'd n.r.e.); Leal v. Leal, 628 S.W.2d 168, 171 (Tex. App.--San Antonio 1982, no writ).
4. International Ass'n of Fire Fighters Loc. 624 v. San Antonio, 822 S.W.2d 122, 132 (Tex.
App.--San Antonio 1991, writ denied).
5. See, e.g., Westgate, Ltd. v. State, 843 S.W.2d 448, 455 (Tex. 1992); Otis Elevator Co. v.
Bedre, 776 S.W.2d 152, 153 (Tex. 1989); Lakewood Pipe of Tex., Inc. v. Conveying Techniques,
Inc., 814 S.W.2d 553, 557 (Tex. App.--Houston [1st Dist.] 1991, no writ); Butt v. Gonzalez, 646
S.W.2d 584, 585 (Tex. App.--San Antonio 1983, no writ).
6. If we understand correctly the dissenting opinion, it concedes the correctness of our
holding, under existing authorities, regarding the trial-court severance of Bradford's claim for
statutory attorney's fees. The dissenting opinion contends for an opposite holding, however, because
"the trial bench and bar" have become "comfortable" with a contrary, if incorrect, practice that
"appellate courts have largely ignored." If it indeed exists, such a practice is untenable. Suppose,
for example, that we must reverse a plaintiff's money judgment and render judgment that he take
nothing on the merits of his claim against the defendant. Then, in a separate appeal from an
independent judgment awarding the plaintiff attorney's fees, we find we must affirm that judgment
because no reversible error is shown in the record of that severed proceeding. This would be
intolerable, the opposite of a rational system for the administration of justice.
7. Similar instances of counterclaims interwoven with the plaintiff's claim so as to involve
the same facts and issues are found in the following illustrative cases: Jinkins v. Bryan, 763 S.W.2d
539 (Tex. App.--Amarillo 1998, pet. denied); Bentley Village, Ltd. v. Nasits Bldg. Co., 736 S.W.2d
919 (Tex. App.--Tyler 1987, no writ); McWilliams v. Gilbert, 715 S.W.2d 761 (Tex.
App.--Houston [1st Dist.] 1986, no writ); and, Bohart v. First Nat'l Bank, 536 S.W.2d 234 (Tex.
Civ. App.--Eastland 1976, writ ref'd n.r.e.).