596

Homer MASON et al., Appellants,

v.

George HOOKER'S ADMINISTRATOR
(Pearl Amburgey), et al., Appellees.

Court of Appeals of Kentucky.

Feb. 11, 1955.

Napier & Napier, Hazard, for appellants.

French Hawk and Harry M. Caudill, Whitesburg, for appellees.

MILLIKEN, Justice.

This is an appeal from a judgment for $6,500 for the death of George Hooker in November, 1950, as a result of an automobile accident in September of that year. In addition to the appeal from that judgment, the appellants sought to have the judgment set aside in the trial court, under Section 344 of the Civil Code of Practice, on the ground of newly discovered evidence, and, losing in that effort, they moved to consolidate the original action and the action to set aside the judgment.

The accident happened about 5 o'clock in the morning when Mr. Hooker was riding as a passenger in a jeep owned by Lovell Sexton down the Camp Branch Road away from Whitesburg, the county seat of Letcher County. Appellant Homer Mason was driving a coal truck, owned by appellant Octavia Sexton, in the same direction in which the jeep was proceeding. The truck attempted to pass the jeep, and in doing so the front righthand corner of the truck bed struck the left rear corner of the jeep near which Mr Hooker was seated.

The jeep went out of control and was forced into the ditch, and Mr. Hooker's back was broken in the lumbar region. He was placed in a cast, but died two months later in his home of pneumonia. Medical testimony was offered to the effect that the pneumonia was the direct outgrowth of the treatment necessitated by Mr. Hooker's injury, and the admission of this testimony is one of the grounds for complaint. There was no medical testimony offered to contradict the testimony of Dr. Morin to the effect that pneumonia often followed injuries of this type where the patient had to be placed in a cast and remain inactive for a long period of time. We think the physician's testimony was competent and that the jury was justified in relying upon it especially in view of the fact that the death of Mr. Hooker, who was forty-five years of age, followed so soon after his injury.

 Suffice it to say that there was enough competent testimony offered by each side to make a question for the jury on the issue of negligence and for us to sustain the judgment on that issue on this appeal. Furthermore, it was established that Octavia Sexton, wife of Bud Sexton, owned the truck and Bud Sexton paid her so much a ton for the use of it. She denied owning any interest in the mine operated by Bud, but Bud declared he did not know whether she had any interest in it at that time. Bud evidently operated the mine, employed Homer Mason to operate the truck, and paid Octavia on the basis of the amount of coal hauled. We do not believe the evidence adduced on the issue of partnership is sufficient to establish Octavia as a partner in the business; it can hardly be said that the business arrangement between Octavia and Bud constituted "an association of two or more persons to carry on as co-owners a business for profit." KRS 362.175(1). In fact, it was calculated to avoid incurring partnership liability. Certainly, there was no evidence that Octavia was presented as a partner in order to obtain credit, for example, so that we might conclude she really was a partner in this mining venture and thus hold her liable. 40 Am.Jur., Partnership, Sec. 74.

The newly discovered evidence offered for the purpose of setting aside the judgment and obtaining a new trial was not decisive, but more in the nature of cumulative or impeaching evidence, and hence not sufficient to justify setting aside the judgment. Woods v. Kentucky Traction & Terminal Co., 252 Ky. 78, 65 S.W.2d 961. The instructions given covered those offered by both sides with a minor exception and the court correctly deleted it.

The judgment is affirmed as to Bud Sexton and Homer Mason, and reversed as to Octavia Sexton with directions to dismiss the petition against her.