RENDERED:  MARCH 3, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1662-MR

MOTORIST MUTUAL INSURANCE
COMPANY                                                                APPELLANT


APPEAL FROM KENTON CIRCUIT COURT
v.          HONORABLE GREGORY M. BARTLETT, JUDGE
ACTION NO. 17-CI-00948


DEBORAH A. LANIGAN; RANDY
LANIGAN; TRI-CITY INSURANCE
SERVICE, INC.; AND WILLIAM R.
MCCARTY                                                                 APPELLEES

AND


NO. 2019-CA-1678-MR

DEBORAH LANIGAN; RANDY
LANIGAN; AND RANDY LANIGAN
D/B/A LANIGAN AUTO SALES LLC               CROSS-APPELLANTS


CROSS-APPEAL FROM KENTON CIRCUIT COURT
v.          HONORABLE GREGORY M. BARTLETT, JUDGE
ACTION NO. 17-CI-00948

TRI-CITY INSURANCE SERVICE,
INC.; THE MOTORIST MUTUAL
INSURANCE COMPANY; AND
WILLIAM R. MCCARTY                                    CROSS-APPELLEES


OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE:  CALDWELL, JONES, AND TAYLOR, JUDGES.

JONES, JUDGE:  Appellant/Cross-Appellee Motorist Mutual Insurance Company
("Motorist Mutual") appeals from orders of the Kenton Circuit Court granting
summary judgment in favor of Appellees/Cross-Appellants Randy and Deborah
Lanigan on the matter of underinsured motorist ("UIM") coverage.  Motorist
Mutual argues that the terms of the business insurance contract at issue
unambiguously exclude family members from being first-class insureds when the
named insured is a legal entity.  The Lanigans cross-appeal from the orders of the
Kenton Circuit Court granting William R. McCarty and his insurance agency, Tri-
City Insurance Service, Inc. ("Tri-City"), summary judgment on the Lanigans'
claims of breach of fiduciary duty, fraudulent omission, fraudulent
misrepresentation, breach of contract, bad faith, violation of the Kentucky
Consumer Protection Act and the Unfair Claims Settlement Practices Act, and
intentional infliction of emotional distress.  Following a careful review of the
record and applicable case law, we reverse and remand for additional proceedings.

## I. BACKGROUND

This action arises from an August 28, 2015, motor vehicle accident in the parking lot of the Belterra Park Racino in Cincinnati, Ohio. Deborah's husband, Randy, dropped Deborah off in the parking lot before driving away to park the couple's car. After Deborah exited the car, she began making her way toward the entrance but was struck by another vehicle before she made her way out of the parking lot. The initial collision knocked Deborah to the ground after which the vehicle ran over her left foot. As a result of the accident, Deborah suffered a non-displaced bi-malleolar fracture to her left ankle, a severe foot sprain, a non-displaced fracture to her left femur, and a torn meniscus, requiring surgery.

Approximately one month prior to Deborah's accident, the Lanigans had met with Tri-City, a full-service independent insurance agency owned by William R. McCarty, to procure insurance. As a result of that meeting, the Lanigans purchased a business insurance policy in the name of Lanigan Auto Sales, LLC[1] from Motorist Mutual effective from July 30, 2015, to July 30, 2016.

The business insurance policy, entitled "Business Insurance by Motorist," identifies "Lanigan Auto Sales LLC d/b/a Lanigan Auto Sales" as the named insured. The policy includes underinsured motorist coverage/uninsured

---

[1] Lanigan Auto Sales is a limited liability corporation wholly owned by Randy. Although Deborah is an employee of Lanigan Auto Sales and a listed driver on the business insurance policy, she has no ownership of the business.

motorist coverage of $1,000,000 per accident and contains a Kentucky Underinsured Motorist Coverage Endorsement ("the UIM Endorsement"), which includes the following statement: "[w]e will pay all sums the 'insured' is legally entitled to recover as compensatory damages from the owner or driver of an 'underinsured motor vehicle.'" (Record ("R.") at 44.)

The UIM Endorsement additionally provides:

**WHO IS AN INSURED**

1. You.

2. If you are an individual, any "family member."

3. Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto."

4. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured."

(R. at 227.) The Garage Coverage Form clarifies: "Throughout this policy, the words 'you' and 'your' refer to the Named Insured." (R. at 205.) The UIM Endorsement further defines "occupying" as "in, upon, getting in, on or out of" a covered auto. (R. at 227.)

Deborah sought UIM coverage from Motorist Mutual under the policy's UIM Endorsement, claiming that the vehicle that hit her on August 28, 2015, lacked adequate insurance to compensate her for her injuries. Motorist Mutual denied Deborah's claim on the basis that she was not an insured who was

eligible for UIM coverage based on its interpretation of the word "You" in the UIM section of Lanigan Auto Sales' business insurance policy.

Thereafter, on June 1, 2017, the Lanigans filed suit against Motorist Mutual, Tri-City, and McCarty in Kenton Circuit Court seeking a determination as to whether UIM coverage existed for Deborah under the policy from Motorist Mutual. The Lanigans brought eight additional claims against Motorist Mutual, Tri-City, and McCarty premised on the alleged lack of UIM coverage for the accident – breach of fiduciary duty, fraudulent omission, fraudulent misrepresentation, breach of contract, bad faith, violation of the Kentucky Consumer Protection Act ("KCPA"), violation of the Unfair Claims Settlement Practices Act ("UCSPA"), and intentional infliction of emotional distress.

Motorist Mutual moved for declaratory judgment, which the circuit court ultimately resolved in the Lanigans' favor. On July 11, 2019, the circuit court explained:

> [S]ince the named insured in the policy is Lanigan Auto Sales, LLC, d/b/a Lanigan Auto Sales, there is a dispute as to who would be provided coverage as drivers under the Motorist policy.
>
> Motorist argues that Deborah Lanigan is not covered under the policy since she is not "You" as set forth in the contract. The [Lanigans] counter that Lanigan Auto Sales, LLC cannot benefit under underinsured motorist's coverage since that corporation cannot sustain personal injuries as a result of an underinsured motorist. The [Lanigans] argue that denying coverage to Deborah

Lanigan renders the coverage for underinsured motorist's benefits illusory. This Court agrees that the interpretation of "You" as an insured under the policy is illusory if the "You" applies only to the corporation entity, Lanigan Auto Sales, LLC.

Several cases in Kentucky have found policies to be illusory because a legal entity, not an individual person, was granted first class coverage and a legal entity cannot be physically insured or occupy a covered automobile. *Hartford Acc. & Indem. Co. v. Huddleston*, Ky. App., 514 S.W.2d 676 (1974); *Solheim Roofing, LLC v. Grange Mut. Cas. Co.*, 2010 WL 323296; *Lovell v. St. Paul Fire & Marine Ins. Co.*, 2012 WL 4037361; *Metzger v. Auto-Owners Insurance Company*, 2018 WL 480524. In this case, the [Lanigans] purchased a policy containing underinsured motorist coverage from Motorist Mutual Insurance Company. The policy would be illusory unless the "You" in the definition of insured was referring to Randy Lanigan. In this case, Deborah Lanigan, as spouse of Randy Lanigan, would be a family member entitled to coverage.

(R. at 282-83.)

Once the circuit court determined coverage applied, McCarty and Tri-City also moved for summary judgment. The Lanigans responded that this motion was premature as there were numerous claims against McCarty and Tri-City that had not yet undergone discovery. On October 8, 2019, the circuit court granted summary judgment to McCarty and Tri-City, dismissing all of the Lanigans' claims against them on the basis that Deborah was in fact covered, and issued a final and appealable order as to all claims. This appeal followed.

## II. STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Kentucky Rules of Civil Procedure ("CR") 56.03. The movant bears the initial burden of demonstrating that there is no genuine issue of material fact in dispute.

The party opposing the motion then has the burden to present, "at least some affirmative evidence showing that there is a genuine issue of material fact for trial." *Steelvest, Inc. v. Scansteel Serv. Ctr, Inc.*, 807 S.W.2d 476, 482 (Ky. 1991); *Watson v. Landmark Urology, P.S.C.*, 642 S.W.3d 660, 666 (Ky. 2022). "A party responding to a properly supported summary judgment motion cannot merely rest on the allegations in its pleadings." *Versailles Farm Home and Garden, LLC v. Haynes*, 647 S.W.3d 205, 209 (Ky. 2022) (citing *Continental Cas. Co. v. Belknap Hardware & Mfg. Co.*, 281 S.W.2d 914, 916 (Ky. 1955)). "[S]peculation and supposition are insufficient to justify a submission of a case to the jury, and that the question should be taken from the jury when the evidence is so unsatisfactory as to require a resort to surmise and speculation." *O'Bryan v. Cave*, 202 S.W.3d 585, 588 (Ky. 2006) (quoting *Chesapeake & Ohio Ry. Co. v. Yates*, 239 S.W.2d 953, 955 (Ky. 1951)).

"An appellate court's role in reviewing a summary judgment is to determine whether the trial court erred in finding no genuine issue of material fact exist[ed] and the moving party was entitled to judgment as a matter of law." *Feltner v. PJ Operations, LLC*, 568 S.W.3d 1, 3 (Ky. App. 2018). The standard of review for an appellate court is *de novo* because only legal issues are involved. *Isaacs v. Sentinel Insurance Company Limited*, 607 S.W.3d 678, 681 (Ky. 2020).

### III. ANALYSIS

#### A. Was Deborah an Insured Entitled to UIM Coverage?

As set forth above, the essential facts are undisputed. The Motorist Mutual policy was issued to Lanigan Auto Sales, a limited liability company owned by Randy, who is married to Deborah. The policy when issued provided UIM coverage of $1,000,000. While Deborah is an employee of Lanigan Auto Sales, she does not have an ownership interest in the company. At the time of the accident, Deborah and Randy were on an outing to a local casino. Because the tortfeasor's policy limits did not cover the damages resulting from Deborah's injuries, the tortfeasor was an underinsured motorist pursuant to Kentucky Revised Statute ("KRS") 304.39-320.

The parties do not dispute that Deborah was not "occupying" a covered vehicle or acting within the scope of her employment with Lanigan Auto Sales at the time of the accident. Moreover, Deborah is not a member of Lanigan

Auto Sales.  Whether Deborah is entitled to UIM coverage depends on the interpretation of "You" under the UIM provision of the policy issued to Lanigan Auto Sales.

The Garage Coverage Form within the policy states:  "[t]hroughout this policy, the words 'you' and 'your' refer to the Named Insured shown in the Declarations."  The circuit court reasoned that even though Randy was not listed in the Declarations page as an individual insured, he had to be included within the definition of "You" to prevent illusory coverage because a legal entity, not an individual person, was granted first-class coverage and a legal entity cannot be physically insured or occupy a covered automobile.

However, the policy at issue specifically included in its definition of an insured as "*anyone else* 'occupying' a covered 'auto.'"  (Emphasis added.) "Occupying" is defined in the policy as "in, upon, getting in, on, or out of a vehicle."  Thus, if Deborah had been determined to have been "occupying" a covered vehicle at the time of the accident then she would in fact have been entitled to UIM coverage.  As recently explained by our Supreme Court in a fairly similar case, this prevents the coverage from being illusory:

> The coverage herein is not illusory.  Rather, it simply
> does not apply to Isaacs under the facts of this case.  Had
> he been the named insured under the policy or had he
> been an occupant of a covered auto at the time of the
> accident, Sentinel's UIM policy would have covered him.
> However, those are simply not the facts of this case.

*Isaacs*, 607 S.W.3d at 682.

The *Isaacs* court also explained that there was no occasion to rewrite the policy, as the circuit court did in this case, to provide additional coverage than that contained within the policy issued because the terms were clear and unambiguous as to who was insured.

> The Isaacses also argue they are entitled to UIM benefits under the Sentinel commercial policy because "UIM coverage is personal to the person who purchased the coverage." However, as previously discussed, Isaacs was not the named insured. He did not purchase the coverage, nor did his name appear on the policy's declarations page. The policy's terms unambiguously distinguished between policies written to individuals and those written to corporations.
>
> Recently we held "Kentucky public policy does not bar reasonable UIM exclusion provisions." *Philadelphia Indem. Ins. Co. v. Tryon*, 502 S.W.3d 585, 592 (Ky. 2016). In reaching that holding, we stated, "there is nothing either in the MVRA or our public policy prohibiting enforcement of exclusion of UIM coverage in certain scenarios. The reasonable expectations of coverage are satisfied so long as the plain meanings of the terms of the underlying policies are clear and unambiguous." *Id.* Here, no ambiguity existed. Isaacs & Isaacs, P.S.C., is a type of corporation – and the policy explicitly defines the class of covered persons when the named insured is a corporation.

*Id.* at 682.

Based on *Isaacs*, we must conclude that the circuit court erred in determining that the policy at issue provided UIM coverage to Deborah. The

-10-

circuit court's dismissal of the Lanigans' remaining claims was predicated on its determination that Deborah was entitled to UIM coverage under the Motorist Mutual Policy. As noted by the Lanigans, no discovery on those claims had taken place at the time of dismissal. In light of our decision to reverse the circuit court's finding of coverage, we must vacate its dismissal of the Lanigans' remaining claims and remand for further proceedings.

ALL CONCUR.

BRIEFS FOR APPELLANT /
CROSS-APPELLEE
MOTORIST MUTUAL
INSURANCE COMPANY:

Jennifer K. Nordstrom
David W. Zahniser
Fort Mitchell, Kentucky

BRIEFS FOR APPELLEE/
CROSS-APPELLANT
DEBORAH LANIGAN:

Dennis Mahoney
Amanda Patton
Cincinnati, Ohio

BRIEF FOR APPELLEES/
CROSS-APPELLEES TRI-CITY
INSURANCE SERVICE, INC. AND
WILLIAM MCCARTY:

Ralph Burnham
Fort Mitchell, Kentucky